

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREENKEEPERS, INC.. and GREENKEEPERS OF DELAWARE, LLC. | : | CIVIL ACTION |
| V. | : | |
| NIKE, INC. and MACNEILL ENGINEERING COMPANY, INC. | : | NO. 04-3747 File |

| | | |
|---|---|---|
| GREENKEEPERS OF DELAWARE, LLC and GREENKEEPERS, INC. | : | CIVIL ACTION |
| V. | : | |
| ACUSHNET COMPANY, ET AL. | : | NO. 07-2419 |

## SCHEDULING ORDER

This case having recently been reassigned to the undersigned, a status scheduling conference was held in open court on June 22, 2009. Following discussion with counsel it is ORDERED:

1. The Motion for Partial Summary Judgment (Doc. 7) and the Cross Motion for Summary Judgement of Infringement (Doc. 11), noted on the docket as terminated on April 5, 2005, shall be removed from the open motions list and if necessary, marked as DENIED without prejudice. These motions may be refiled, with whatever updates are appropriate, at any time.

2. Plaintiff's Motion to Amend the Complaint in Civil Action No. 04-3747 (Doc. 37) is GRANTED.

3. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before July 7, 2009.

1

4. On or before July 20, 2009, Plaintiff shall serve "Preliminary Infringement Contentions," based on currently available information, for each opposing party. The Contentions shall identify:

    a. which claim(s) of its patent it alleges are being infringed;

    b. each version of each product alleged to infringe ("Accused Product") and whether each such version of each such product is alleged to infringe literally or by equivalents; and

    c. in a claim chart, identify where each element of each asserted claim is found in each of the Accused Products.

5. Each Defendant shall serve on or before August 20, 2009 "Preliminary Non-Infringement and Invalidity Contentions," based on currently available information, which shall:

    a. identify as to each element of each claim identified as allegedly infringed, whether such element is present in its Accused Product or whether such element is absent. In the later regard, Defendants shall set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, Defendants shall indicate its contentions concerning non-equivalents; and

    b. state the basis for any assertion or contention that the relevant claims of the patent-in-suit are invalid, void, or unenforceable for failure to comply with the patent laws of the United States, including any claim of inequitable conduct, by identification of all facts and prior art then known to the Defendant relevant to its allegations.

6. Plaintiff shall serve on or before September 3, 2009 "Preliminary Validity Contentions," based on currently available information, which shall, for each claim of the patent-in-suit asserted to be invalid, void or unenforceable, state the basis for any assertion or contention that the claim is not invalid, void or unenforceable.

7. Amendments to or modification of the Preliminary Infringement Contentions or the Preliminary Non-Infringement and Invalidity Contentions or the Preliminary Validity Contentions shall be made in a timely fashion and asserted in good faith without the purpose of delay.

8. All fact discovery shall be completed by December 18, 2009.

9. The parties shall exchange their proposed claim terms for construction and proposed constructions on or before October 20, 2009. Service of proposed constructions shall be without prejudice to amend the terms to be construed or the constructions.

10. The parties shall each file an opening brief directed to claim construction issues by October 20, 2009. Each party may file a brief responsive to the other party's claim construction brief by November 13, 2009. Each party may file a further reply brief by November 25, 2009. The Court will hold a Markman Hearing on December 3, 2009 at 4:00 p.m. The Court intends to decide these issues by December 24, 2009.

11. Parties shall serve expert reports, as required by Fed. R. Civ. P. 26(a)(2)(B), on issues in which they bear the burden of proof by January 16, 2010.

12. The Report required by Fed. R. Civ. P. 26(a)(2)(B) of any response experts shall be served by January 30, 2010.

13. Expert discovery shall be completed by February 13, 2010.

14. Dispositive motions shall be filed by February 27, 2010. Responses are due 21 days later and reply briefs within 14 days thereafter.

15. Any motions to compel shall be filed after the parties have exhausted their efforts to resolve discovery disputes and may be filed without supporting briefs. The Court will likely have a telephone conference or if more appropriate, an in court conference as promptly as possible.

BY THE COURT:

Date: 6/23/09

_____
Michael Baylson, U.S.D.J.

O:\GREENKEEPERS.wpd

6/24/09 mail
Wisman

ENTERED
JUN 24 2009
CLERK OF COURT

4