# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GREENKEEPERS, INC., ET AL. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 04-CV-3747-MMB |
| : | |
| NIKE, INC., ET AL. : | |
| : | |
| Defendants. : | |

## GREENKEEPERS, INC. AND GREENKEEPERS OF DELAWARE, LLC'S ANSWER TO NIKE INC. AND MACNEILL ENGINEERING CO.'S <u>AMENDED COUNTERCLAIMS</u>

Plaintiffs, Greenkeepers, Inc. and Greenkeepers of Delaware, LLC ("Greenkeepers"), submits the following Answer to Defendants, Nike, Inc. and MacNeill Engineering Co.'s (collectively "Defendants") Amended Counterclaims.

### <u>ANSWER TO COUNTERCLAIM</u>

82. Admitted.

83. Admitted.

84. It is admitted that Greenkeepers, Inc. is a Pennsylvania corporation. Greenkeepers, Inc.'s principal place of business, however, is located at 2170 Bennett Road, Philadelphia, PA 19116.

85. Admitted.

86. It is admitted that Defendants' Counterclaims purportedly are actions for declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202, and that the Court has jurisdiction over the Counterclaims pursuant to 28 U.S.C. Section 1338(a).

87. It is admitted that Nike has been accused of selling golf shoes in the United States that contain golf cleats that plaintiffs have accused of infringement. Nike, however, also has been

accused of selling golf shoes in the United States that plaintiffs have accused of infringement. Additionally, it is admitted that MacNeill sells golf cleats in the United States that plaintiffs have accused of infringement.

## COUNT I

88. Greenkeepers' Amended Complaint and Paragraphs 82-87 of Greenkeepers' Answer to Defendants' Counterclaims are incorporated by reference as if fully set forth herein.

89. Admitted.

90. Admitted.

91. Admitted.

92. Denied. Greenkeepers specifically denies that Defendants are entitled to a declaratory judgment that the '047 patent is invalid under 35 U.S.C. Section 101, et seq. Greenkeepers further denies that the '047 patent fails to meet the patentability standards under 35 U.S.C. Section 112, and/or because it is anticipated by, or obvious in view of, the prior art under 35 U.S.C. Sections 102 and 103, and/or under the doctrine of recapture.

## COUNT II

93. Greenkeepers' Amended Complaint and Paragraphs 82-92 of Greenkeepers' Answer to Defendants' Counterclaims are incorporated by reference as if fully set forth herein.

94. Denied. Greenkeepers specifically denies that Defendants are entitled to a declaratory judgment that Nike and MacNeill have not infringed and are not infringing the '047 patent.

## COUNT III

95. Greenkeepers' Amended Complaint and Paragraphs 82-94 of Greenkeepers' Answer to Defendants' Counterclaims are incorporated by reference as if fully set forth herein.

96. Denied. Greenkeepers specifically denies that Defendants are entitled to a declaratory judgment that the '047 patent is unenforceable due to Plaintiffs' and their agents' alleged inequitable conduct.

97. Denied.

98. Admitted.

99. Admitted.

100. Admitted.

101. Admitted.

102. Denied.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Admitted.

112. Admitted.

113. Admitted.

114. Admitted.

115. Admitted.

116. Admitted.

118839.00601/11929991v.1

117. Denied.

118. Admitted.

119. Admitted in part, denied in part.  Greenkeepers responds that the GK Cleat was disclosed to the PTO during the prosecution of the '162 patent.  Greenkeepers denies that the GK Cleat is prior art to the '162 patent.

120. Denied.

121. Admitted.

122. Admitted.

123. Admitted.

124. Admitted.

125. Admitted.

126. Denied.

127. Denied.

128. Denied.

129. Admitted.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Admitted.

136. Admitted.

137. Admitted.

118839.00601/11929991v.1

138. Admitted.

139. Admitted.

140. Admitted.

141. Admitted.

142. Admitted.

143. Denied.

144. Admitted in part, denied in part.  Greenkeepers admits that it won its appeal and the PTO Examiner allowed the claims.  Greenkeepers specifically denies that Zegeer made any false and/or misleading arguments.

145. Admitted.

146. Denied.

147. Denied.

148. Admitted.

149. Admitted.

150. Admitted.

151. Denied.

152. Admitted.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157.    Denied.  Greenkeepers specifically denies that Defendants are entitled to a declaratory judgment that the '047 patent is unenforceable due to Plaintiffs' and their agents' alleged inequitable conduct.

To the extent a response is necessary to Defendants' prayer for relief, Greenkeepers denies that Defendants are entitled to the relief and judgment requested in the Prayer, or for any other relief whatsoever.

Wherefore, Greenkeepers requests that this honorable Court deny Defendants' Counterclaims in their entirety and grant such other relief as this Court deems just and appropriate.

                                            Respectfully submitted,
                                            **BLANK ROME LLP**

                    By:  ___/s/ Joel L. Dion___
                          VICTOR M. WIGMAN
                          GRANT S. PALMER
                          JASON A. SNYDERMAN
                          LEWIS W. SCHLOSSBERG
                          JOEL L. DION
                          One Logan Square
                          Philadelphia, PA  19103-6299
                          (215) 569-5500

August 28, 2009                                    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that a true and correct copy of the foregoing Answer to Defendants, Nike, Inc. and MacNeill Engineering Co.'s Counterclaims were served by email on August 28, 2009, upon the following counsel of record:

                Kerry L. Timbers
                Peter J. Karol
                BROMBERG & SUNSTEIN
                125 Summer Street
                Boston, MA 02110-1618

                Abraham C. Reich
                Theodore H. Jobes
                Beth L. Weisser
                FOX ROTHSCHILD, LLP
                2000 Market Street
                10th Floor
                Philadelphia, PA 19103

                                              /s/ Joel L. Dion
                                              Joel L. Dion